UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

        v.

CHAD OWENS,

                         Defendant.
_____

REPORT & RECOMMENDATION

22-CR-6174CJS

          By Order of Hon. Charles J. Siragusa, United States District Judge, dated November 8, 2022, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 18).

          Defendant Chad Owens filed an omnibus motion seeking various forms of relief, which the government opposed.  (Docket ## 22, 23).  On January 19, 2023, this Court held oral argument on the motion, scheduled an evidentiary hearing on Owens' motion to suppress statements, and provided Owens an opportunity to supplement that portion of his motion seeking to suppress wiretap evidence.[1]  (Docket ## 24, 25).  On February 6, 2023, the Court conducted an evidentiary hearing concerning the probable cause for defendant's arrest.  (Docket # 26).  Despite being offered the opportunity to provide post-hearing submissions, both parties declined to do so.  (*Id.*).  On February 13, 2023, Owens supplemented his motion to suppress wiretap evidence.  (Docket # 27).

---

[1] During the oral argument, Owens withdrew his motion to suppress tangible evidence, as well as that portion of his motion which sought to suppress statements on the grounds that he made them involuntarily.  (Docket # 25).

For the reasons explained more fully on the record on March 16, 2023, I conclude that sufficient probable cause existed to justify defendant's arrest, and I recommend that the District Court deny Owens' motions to suppress statements on the grounds that they were the product of an unlawful arrest. For the reasons explained more fully on the record on March 16, 2023, Owens' motion to suppress wiretap evidence is reserved pending the submission of an affidavit establishing standing to challenge the wiretap orders.

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
        March 17, 2023

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(c) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(c)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       March 17, 2023

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).