UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                            Plaintiff,

v.

CHAD OWENS,

                            Defendant.

**DECISION AND ORDER**

22-CR-6174 CJS/MWP

---

This case was referred by text order of the undersigned, entered November 18, 2022, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 18. On December 27, 2022, Defendant filed an omnibus motion, ECF No. 22, seeking *inter alia* a request for a Bill of Particulars and suppression of statements on the basis that he was detained without probable cause. On January 19, 2023, after oral argument, Magistrate Judge Payson issued an order, ECF No. 25, denying among other things, Defendant's request for a Bill of Particulars. Subsequently, on February 23, 2023, Defendant filed a motion to suppress wiretap evidence on the basis that the police had failed to exhaust normal investigative techniques. As to the application to suppress statements, a hearing was held on February 6, 2023, ECF No. 26. On March 17, 2023, Magistrate Judge Payson filed a Report and Recommendations ("R&R"), ECF No.31, recommending that Defendant's application to suppress statements be denied and reserving on Defendant's application to suppress wiretap evidence, pending the submission affidavit establishing standing. However, Defendant never submitted any such affidavit to establish standing.

After requesting and receiving several extensions of the time in which to file any objections to the R&R (ECF Nos. 34, 35, 36, 41, 42, 43, 45, 48, and 49), Defendant filed on June 23, 2023 what was captioned "Objections and Affirmation of Defense Counsel," ECF No. 50. It reads as follows:

> Chad Owens was indicted in November 2022 on drug and weapons charges, for offenses allegedly occurring from November 2021 through May 13, 2022. A search warrant was conducted of the Barberry Terrace residence on May 13, 2022. Through previous counsel, Mr. Owens filed an omnibus motion in December 2022 and in February 2023; the government opposed in papers dated January 20, 2023, and February 27, 2023. Pretrial matters were referred to the Magistrate Judge.
>
> After oral argument on January 19, 2023, a hearing was scheduled on suppression of the defendant's statements for February 6. Mr. Owens supplemented his motion to suppress wiretap evidence.

At another court appearance on March 16, Magistrate Judge Payson made a recommendation that the suppression motion be denied on the basis that there was sufficient probable cause to justify the arrest of Mr. Owens, a copy of which transcript I have requested. The Magistrate Judge also reserved decision in relation to establishing standing to challenge wiretap orders. The written Report and Recommendation is dated March 17, 2023.

> In late March, I was substituted in as counsel for Mr. Owens. My office has requested but at this point has not received a copy of the transcript of the February 6 court appearance concerning suppression hearing. **Since being assigned, I have been granted several adjournments to submit objections to the District Court Judge, yet am unable to fully raise objections to the report of the Magistrate Judge until receiving these.**
>
> At this point, it is the defense position that the District Court Judge should reject the Report and Recommendation based upon the reasons stated in previous counsel's papers. Defendant has sufficiently shown standing and the government has not established necessity for use of wiretap evidence. Any statements made by Mr. Owens should be suppressed as involuntarily made, after a hearing. Defendant's request for a bill of particulars should be granted.

(Emphasis added). In light of the bolded portion of Defendant's filing, the Court sent counsel for the Defendant (copying in counsel for the government) the following email on June 23, 2023:

> I am in receipt of "Objections and Affirmation of Defense Counsel," which you filed today on behalf of the above named defendant with respect to the Report and Recommendation ("R & R") of Magistrate Judge Payson filed on March 17, 2023. Your papers were filed after several requests were granted extending the time to submit objections to the R & R. More specifically, extensions were requested and granted by way of letter orders entered on April 4, 2023, May 2, 2023, May 31, 2023, and June 16, 2023. I am somewhat confused by your submission. You refer to transcripts of proceedings held on February 6, 2023 and March 16, 2023 and seem to suggest that you have requested them, but that they have not been made available to you. I checked the docket sheet and found that the March 16, 2023 transcript was filed on April 19, 2023 and consequently available from court reporter Brandi Wilkins via e-voucher as of that latter date. The February 6, 2023 transcript was filed on June 6, 2023 and likewise available from Ms. Wilkins via e-voucher as of that date. I checked with Ms. Wilkins, and she advised that she only received an e-voucher transcript request on June 14, 2023 for the proceeding held on February 6, 2023, as well as a proceeding held on January 19, 2023. There was no request for the transcript of the March 16, 2023 proceeding. If transcripts are needed, in your opinion, to adequately represent Mr. Owens, please so advise, and I will entertain a request for one final adjournment to file objections to the R& R. With respect to challenging the admissibility of wiretap evidence, Magistrate Judge Payson made clear on the record during the March 16, 2023 proceeding that federal law requires Mr. Owens to submit an affidavit establishing standing. I am assuming from your submission that he does not intend to do so. Please advise if this assumption is incorrect. I will, of course, consider your objection to the denial of a request for a bill of particulars, but this denial amounts to a "decision and order" by the magistrate judge and requires a different standard of review than a report and recommendation. Please respond to this e-mail by 12:00 pm on Monday June 26, 2023. Thank you.

In response, defense counsel requested a further adjournment of the time in which to submit objections to July 10, 2023, ECF No. 51. However, on July 10, 2023, defense counsel filed a letter, ECF No. 53, indicating that "[m]y office will not be filing additional

arguments to the objections already filed in this case, but will be relying on the arguments submitted thus far."

As to Defendant's application to suppress statements and his application to suppress wiretap evidence, this Court must, pursuant to 28 U.S.C. § 636(b)(1), make a *de novo* determination of those portions of the R&R to which objections have been made. Upon a *de novo* review of the R&R, including a review the transcript of the evidentiary hearing held on February 6, 2023, ECF No. 26., the Court accepts the proposed findings and recommendations.

As to Defendant's objection to Magistrate Judge Payson's Decision and Order denying his request for a Bill of Particulars, this Court must, pursuant to 28 U.S.C. § 636(b)(1)(A), determine whether such decision and order was clearly erroneous or contrary to law. An order is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Chen v. Bd. Of Immigration Appeals*, 435 F.3d 141, 145–46 (2d Cir. 2006) (*quoting Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Collens v. City of New York*, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (internal quotations omitted). Upon a consideration of the Decision and Order, the Court finds that Judge Magistrate Judge Payson's Decision and Order denying Defendant 's request for a Bill of Particulars was neither clearly erroneous nor contrary to law.

Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R, ECF No. 31, Defendant's application to suppress statements is denied. Defendant's application to suppress wiretap is also denied on the basis that he lacks standing to challenge such evidence. Likewise, Defendant's application for a Bill of Particulars is also denied.

IT IS SO ORDERED.

DATED:   August, 8, 2023
         Rochester, New York

ENTER:

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge